LEVELI LETI, Petitioner

v.

IMMIGRATION BOARD OF AMERICAN SAMOA,
Respondent

High Court of American Samoa
Appellate Division

AP No. 24-88

September 23, 1988

Before REES, Chief Justice, KRUSE, Associate
Justice, TAUANU'U, Chief Associate Judge, and
TUIAFONO, Associate Judge.

Counsel: For Petitioner, Asaua Fuimaono
 For Respondent, Enere H. Levi, Assistant
 Attorney General

Per Curiam:

On August 12, 1988 the respondent, Immigration
Board of American Samoa, entered a deportation
order against the petitioner, Leveli Leti, a
national of Western Samoa. The board found that
the petitioner had unlawfully acquired employment

in the territory in violation of A.S.C.A. § 41.0409 and concluded that this violation warranted deportation under A.S.C.A. § 41.0616 (16). A motion for reconsideration was denied by the board, as more fully appears in its decision filed September 2, 1988.

Petitioner seeks judicial review of the deportation order and moves to stay the deportation order pending final disposition hereof. A petition for review does not automatically stay a final order of deportation by the board. A.S.C.A. § 41.0646. We therefore granted an expedited hearing on the interlocutory matter.

After careful consideration of the submissions of counsel and of the matters on file we conclude that a stay should be granted.

As noted above, the board relied on A.S.C.A. § 41.0616 (16) as authority for its deportation order. We note that the enactment reads as follows:

> Any aliens [sic] in American Samoa, including an alien crewman, shall, <u>upon the order of the attorney general</u>, be deported, who:

> . . . .

> (16) has [sic] violated any provision of this title or regulation of the board, in addition to any other penalty which may be imposed under any provision of the law.

(Emphasis ours.)

This section, unlike some other sections of the immigration law, clearly requires the involvement of the attorney general himself. While the board acted within its power in determining whether the petitioner had committed any of the acts under which the statute defines him as "deportable," the statute does not require that every "deportable" alien actually be deported.[1]

---

[1] We note that a 1988 amendment to A.S.C.A. § 41.0409, which prescribes a schedule of fines to be levied by the board

The petitioner in this case appears to have been found deportable because he committed a minor technical violation of the immigration law. He had obtained the requisite written permission from the immigration board to be employed by his sponsor as a bus driver. It appears that his sponsor's bus broke and petitioner began working as a driver for one of his sponsor's relatives who also owned a bus, without having obtained a second written permission from the board. Counsel for petitioner argues that the case would never have been prosecuted by the immigration department had it not been for the fact that a brother of an immigration department employee had a score to settle with petitioner.

None of these arguments may avail the petitioner in his appeal to the High Court, which is limited almost exclusively to the correction of errors of law by the board. They are the very sorts of factors, however, that might inform the discretion of an executive official who must decide whether to deport someone who has been found to be deportable.

An interlocutory stay should be granted only if there is a substantial likelihood that the petitioner will prevail on the merits _and_ the petitioner will be greatly or irreparably injured if the stay is not granted. In this case deportation will mean the loss of petitioner's livelihood; in the absence of an order by the attorney general the petitioner's chances of prevailing on the merits would appear to be one hundred per cent.

Accordingly, a stay is granted pending consideration by the attorney general of whether the petitioner should be deported.

for offenses involving unlawful employment, added a new paragraph (g) which may permit deportation by the board in addition to fines. The amendment is not available to the board in these proceedings as it would be retrospective in effect.